UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SHIRLEY ANDERSON,

        Plaintiff,

v.

ROCKY MOUNTAIN FLAGGING, INC.,

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Shirley Anderson ("Plaintiff"), by and through her attorneys HKM Employment Attorneys LLP, for her Complaint against Rocky Mountain Flagging, Inc. ("Defendant") states and alleges as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action for damages as a result of Defendant's discrimination against her on the basis of sex, and as a result of its retaliation against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  In retaliation for reporting discrimination, Defendant adversely altered the terms and conditions of Plaintiff's employment in violation of federal law. Plaintiff accordingly brings claims against Defendant pursuant to Title VII and raises additional employment-related claims under state common law.

1

## PARTIES

1. Plaintiff is, and at all times relevant to this Complaint was, a female and a member of a protected class of individuals recognized under 42 U.S.C. § 2000e-2(a)(1), which prohibits gender discrimination, *inter alia*.

2. Plaintiff currently resides in Oregon.

3. Defendant Rocky Mountain Flagging, Inc., is a Colorado corporation with a principal office located at 5380 Tennyson Street, Unit E, Denver, Colorado 80212. Defendant is an "employer" as defined in Title VII, 42 U.S.C § 2000e.

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

5. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff additionally raises other employment-related claims under state common law.

6. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as Plaintiff's Title VII claims.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in Colorado.

**ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED**

9. Plaintiff incorporates all the paragraphs of this Complaint as though fully and separately stated herein.

10. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 32A-2017-00042, and the Colorado Civil Rights Division ("CCRD"), Charge Number FE2017972742, on October 25, 2016.

11. On August 8, 2017, a Probable Cause Determination was issued, concluding that the evidence supported Plaintiff's Charge that Defendant created a hostile work environment based on Plaintiff's sex, constructively discharged Plaintiff based on her sex, and retaliated against her for engaging in protected activity. *See* the Determination, attached hereto as **Exhibit A**.

12. Plaintiff filed the present action within ninety (90) days of receipt of the Determination and has met all other administrative prerequisites.

**FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

14. Defendant offers traffic control services throughout Colorado.

15. During the relevant time period, Mona Bodaness was the President and Owner of Rocky Mountain Flagging, Inc., and Plaintiff's supervisor was John Zalesky.

16. Defendant hired Plaintiff as a "Flagger" on July 19, 2013. Flagger duties include performing traffic control in construction zones, reporting safety hazards and issues, and communicating with motorists to ensure road safety.

17. During the relevant time period, Defendant employed 316 individuals, of whom 83 (26%) were female. During that same time period, 87 individuals voluntarily resigned, of whom 36 (41%) were female.

18. On or about September 29, 2016, Plaintiff's supervisor Zalesky made the following statements in a company staff meeting attended by Plaintiff and other employees under Zalesky's supervision:

   a. That he liked to use Viagra, the medication typically prescribed for Erectile Dysfunction;

   b. That his relationships with the female "halfway house" employees should not be discussed;

   c. That Nicole, another female flagger employed by Defendant, should "bring her sweet ass" to him when the meeting concluded.

19. At this meeting, Plaintiff publicly objected to Zalesky's inappropriate comments.

20. During the EEOC investigation, Zalesky initially denied making sexually inappropriate comments at staff meetings.

21. However, in a written statement, Zalesky later acknowledged: "I then jokingly made the comment of how tired I would be from taking care of all these women and I then stated that if I was having all this sex that these rumors are claiming, I would need Viagra to keep going." *See* Zalesky's written statement, attached hereto as **Exhibit B**.

22. On the same day as the aforementioned staff meeting, a third-party vendor (Brian Fennell of Rail Pro) who had attended the meeting told Plaintiff that Zalesky should be "f***ing

someone with a hot body [like Plaintiff]" instead of "disgusting, fat halfway house flaggers." Plaintiff objected to these comments.

23. On or about October 9, 2016, Plaintiff reported to Bodaness, the President and Owner of Defendant Rocky Mountain Flagging, that a co-worker told Plaintiff she was beautiful and "knows she is fine."

24. Bodaness failed to take any corrective action and instead responded that Plaintiff should "shut up and do what you are told."

25. Several of Plaintiff's co-workers and supervisors witnessed Zalesky making sexually inappropriate comments to Plaintiff, corroborated the fact that Plaintiff reported the comments to members of management, and confirmed that Defendant took no action to investigate Plaintiff's reports of sexual harassment or otherwise remediate the discrimination and hostile work environment that Plaintiff was subjected to. *See*, generally, **Ex. A**. By way of example:

- a. CJ Raica, a male co-worker of Plaintiff's, stated that Zalesky made comments to him about Plaintiff such as, "I'd f**k her in the a**," discussed Plaintiff's breasts, and referred to her as a "c**t" and a "bitch." Raica further stated that Defendant's managers received numerous complaints about Zalesky and were aware of his behavior yet took no corrective action.
- b. Rick Reed, another male co-worker of Plaintiff's, witnessed "sexual innuendos" that Zaleksy made to Plaintiff and other female employees. Reed also stated that multiple employees reported Zalesky's behavior to Bodanass but "she blows them off."

    c. Mariah Rauch, a female co-worker of Plaintiff's, stated that Zalesky made inappropriate and unwelcome sexual comments to her, Plaintiff, and other female employees such as "get it up before I stick it in you," and would call them over to his truck and say, "you can sit in here and be warm for a while longer if you sit on this" while rubbing on his thighs. Rauch confirmed that Plaintiff reported Zalesky's behavior to Bodaness, but Bodaness's response was to call Plaintiff a liar and remove her from the work schedule.

    d. Ken Riles, a former supervisor at a site where Plaintiff worked, witnessed Zalesky making sexually inappropriate comments to Plaintiff. For example, Zalesky told Plaintiff that she would cause an accident because she was "looking so good," that she should "flash her titties" to make traffic stop, and stated that sexual acts with Plaintiff could be his workout. Riles described Zalesky as very demeaning to Plaintiff. Riles stated that Plaintiff reported Zalesky's inappropriate conduct to him, coming to him practically in tears and stating, "I don't know why this guy [Zalesky] keeps singling me out and talking sexually about me, this is why I wear these baggy clothes so he will leave me alone." Riles also reported Zalesky's comments to his supervisor.

26. Defendant's claim that Plaintiff voluntarily resigned because she was "unhappy with her road assignment" is false and pretextual. (**Ex. A**, p. 5, ¶ 2).

27. On October 11, 2016, Plaintiff was constructively discharged due to the intolerable work conditions caused by Zalesky's inappropriate, illegal, and demeaning comments based on her sex and Defendant's failure to address or attempt to resolve them.

## FIRST CLAIM FOR RELIEF
### (Discrimination and Harassment Based on Sex in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)

28. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

29. Plaintiff is an "employee" as that term is defined at 42 U.S.C. § 2000e(f). Plaintiff is a female and belongs to a protected class.

30. Defendant is an "employer" as that term is defined at 42 U.S.C. § 2000e(b).

31. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") prohibits discrimination based on sex in employment.

32. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's sex (female) by subjecting her to sexual harassment in the form of repeated unwanted comments of a sexual nature.

33. Plaintiff was subjected to adverse treatment based upon her protected class. Plaintiff's direct supervisor Zalesky often made unwelcome and inappropriate sexual comments to Plaintiff that were directed at her because of her sex. A third party vendor also made unwelcome and inappropriate sexual comments to Plaintiff directed to her because of her sex. Plaintiff reported this behavior to other supervisors and to the Defendant's President and Owner on multiple occasions, however, no remedial action was taken to stop Zalesky's frequent unwelcome sexual remarks directed at Plaintiff.

34. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive. At the

7

time the above-described conduct occurred, and as a result of such conduct, Plaintiff believed her work environment to be hostile or abusive.

35. Due to the severe and pervasive discriminatory treatment and Defendant's failure to act on Plaintiff's reports of this discriminatory treatment, Plaintiff's working conditions were rendered so intolerable that a reasonable person in her position would have felt compelled to resign. Accordingly, Defendant constructively discharged Plaintiff based upon her protected class.

36. Defendant violated 42 U.S.C. § 2000e-2(a) and discriminated against Plaintiff by subjecting her to harassment based on her sex that was sufficiently severe or pervasive so as to alter the conditions and terms of Plaintiff's employment.

37. The reasons that Defendant submits for altering the terms and conditions of Plaintiff's employment are merely pretext for unlawful discrimination.

38. In unlawfully discriminating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

39. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience. She is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

### SECOND CLAIM FOR RELIEF
**(Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

40. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

41. Title VII, 42 U.S.C. § 2000e-3(a), states in relevant part that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

42. Plaintiff engaged in activity protected by Title VII. Specifically, she opposed and reported unwelcome sexual comments and behavior by her direct supervisor and a third party vendor on numerous occasions, both to other supervisors and to the Owner and President of Defendant Rocky Mountain Flagging.

43. Plaintiff's opposition and complaints regarding Defendant's unlawful and discriminatory behavior constitute protected activities within the meaning of 42 U.S.C. § 2000e, *et seq.*

44. Plaintiff participated in statutorily protected activity by opposing unlawful practices under Title VII, including discrimination and harassment based on Plaintiff's protected status.

45. As a result of Plaintiff's protected opposition to discrimination and harassment, Defendant retaliated against her by subjecting her to less favorable terms and conditions of employment, including imposing heightened discipline against Plaintiff, condoning or tolerating harassment, and constructive termination.

46. In unlawfully discriminating and retaliating against Plaintiff, Defendant acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

9

47. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and she is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

### THIRD CLAIM FOR RELIEF
**(Negligence Claims)**

48. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

49. Zalesky, Plaintiff's direct supervisor, repeatedly subjected Plaintiff, his subordinate, to unwelcome and inappropriate comments. Also, Fennell of Rail Pro subjected Plaintiff to unwelcome and inappropriate comments. Plaintiff reported the comments to her supervisors and even to the President and Owner of Defendant Rocky Mountain Flagging, but she was ignored, insulted, and ultimately constructively discharged.

50. The conduct of Defendant's supervisory employee(s) and third-party vendor as well as the response from Defendant's Owner and President caused Plaintiff to feel anxiety, fear, humiliation, embarrassment, worry, impairment of the quality of life, and indignity.

51. Defendant is directly liable for its negligent infliction of emotional distress committed against Plaintiff.

52. Defendant is also liable for the negligent infliction of emotional distress committed against Plaintiff by Defendant's supervisory employee(s) and third party vendor pursuant to Defendant's negligence in hiring, supervising, and/or retaining Zalesky, or, in the alternative, pursuant to the doctrine of *respondeat superior*.

53. Defendant had a duty to manage and oversee its supervisory employees and third party vendor.

54. Defendant's supervisory employees and third party vendor have broad authority within their position.

55. Defendant's supervisory employee(s) and third party vendor used broad authority to negligently inflict emotional distress on Plaintiff in the course of the supervisor(s) work for the benefit of Defendant.

56. Defendant was negligent in hiring, managing and/or overseeing its supervisory employees and third party vendor.

57. Defendant's lack of supervision allowed its supervisory employee(s) to use and abuse the power held over Plaintiff, including by subjecting her to negligently inflicted emotional distress.

58. Defendant was on notice, or reasonably should have been on notice, that the conduct of its supervisory employee(s) created a risk of harm to Plaintiff and other employees. Defendant's negligence in failing to address this behavior and retaining the supervisor(s) amounted to condoning the actions and giving free reign to continue the tortious conduct toward Plaintiff. With proper supervision and investigation, Defendant would have known it should not have retained its supervisor(s).

59. As a result of Defendant's negligence in hiring, supervising and/or retaining its supervisory employee(s) and third party vendor and aforementioned acts and omissions, Plaintiff has been damaged in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life;

B. Statutory penalties as permitted by law;

D. Punitive damages;

E. Attorneys' fees and costs of this action as permitted by law;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 13th day of November, 2017.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *Claire E. Munger*
    Claire E. Munger (39504)
    Shelby Woods (48606)
    HKM Employment Attorneys LLP
    730 17th Street, Suite 900
    Denver, Colorado 80202
    (720) 668 - 8989
    cmunger@hkm.com
    swoods@hkm.com
    *Attorneys for Plaintiff Shirley Anderson*

Plaintiff's address:
10122 Blackwell Rd
Central Point, OR 97502